**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 15-02568-BRO (SPx) | Date | May 2, 2016 |
|---|---|---|---|
| Title | MICHAEL G STRADER ET AL V. BUDGET MORTGAGE CORP. ET AL | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Cheryl Wynn | Not Present | N/A |
| Relief Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Petitioners: | | Attorneys Present for Respondent: |
| Not Present | | Not Present |

**Proceedings:**      (IN CHAMBERS)

# ORDER TO SHOW CAUSE RE:
# SUBJECT MATTER JURISDICTION

Pending before the Court is Defendants Budget Mortgage Corp. and Budget Finance Company's (collectively, "Defendants") Motion to Compel Arbitration or, in the alternative, Motion to Dismiss Plaintiffs Michael G. Strader and Sandra E. Brautigam-Strader's (collectively, "Plaintiffs") Complaint.  (Dkt. No. 11.)

A federal court must determine its own jurisdiction even if there is no objection to it.  *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996).  Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties."  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983).

Plaintiffs assert, in a conclusory manner, that this Court has subject matter jurisdiction over Plaintiffs' case "pursuant to 28 U.S.C. §1331 [sic] because the matter in controversy arises under the laws of the United States and supplemental jurisdiction under 28 U.S.C. §1367 [sic]."  (Dkt. No. 1 ¶ 1.)  Plaintiffs' Complaint alleges seven causes of action: (1) three claims of declaratory relief (Plaintiffs' first through third

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 15-02568-BRO (SPx) | Date | May 2, 2016 |
|---|---|---|---|
| Title | MICHAEL G STRADER ET AL V. BUDGET MORTGAGE CORP. ET AL | | |

claims); (2) two claims for unfair, unlawful, and fraudulent business practices pursuant to California Business and Professions Code section 17200 *et seq.* (Plaintiffs' fourth and fifth claims); (3) promissory estoppel (Plaintiffs' sixth claim); and, (4) rescission (Plaintiffs' seventh claim). (Dkt. No. 1 ¶¶ 14–125.)

"[T]he Declaratory Judgment Act does not by itself confer federal subject-matter jurisdiction[.]" *N. Cty. Commc'ns Corp. v. Cal. Catalog & Tech.*, 594 F.3d 1149, 1154 (9th Cir. 2010) (quoting *Nationwide Mut. Ins. Co. v. Libertore*, 408 F.3d 1158, 1161 (9th Cir. 2005)); *see also Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007) ("Absent a true case or controversy, a complaint solely for declaratory relief under 28 U.S.C. § 2201 will fail for lack of jurisdiction under Rule 12(b)(1)."). Rather, the Declaratory Judgment Act allows courts to "declare the rights and other legal relations" of parties to "a case of actual controversy." 28 U.S.C. § 2201. To create an "actual controversy," a plaintiff must allege facts that, "under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citations and quotation marks omitted); *see In re Coleman*, 560 F.3d 1000, 1005 (9th Cir. 2009) ("The constitutional ripeness of a declaratory judgment action depends upon whether the facts alleged, under all circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." (internal citations omitted)). The Court does not find that Plaintiffs' Complaint meets this burden based upon the current record before the Court.

Although Plaintiffs' first claim for declaratory relief cites to the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") and Regulation Z, 12 C.F.R. § 226.1 *et seq.*, (*see, e.g.*, Dkt. No. 1 ¶ 16), Plaintiffs merely conclude that:

> There is an actual, substantial and legal controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment in that:
>
> a.   Defendants seek to exercise the power of sale in the Deed of Trust in a non-judicial foreclosure sale.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 15-02568-BRO (SPx) | Date | May 2, 2016 |
|---|---|---|---|
| Title | MICHAEL G STRADER ET AL V. BUDGET MORTGAGE CORP. ET AL | | |

      b.    Plaintiffs assert that the security instrument called the Deed of Trust along with the power of sale was void as of January 16, 2009 under the provisions of TILA and Reg[ulation] Z.

(Dkt. No. 1 ¶ 23.) Plaintiffs maintain that they "would suffer the loss of title and possession to the Property if Defendants are allowed to proceed with the non-judicial foreclosure sale," (Dkt. No. 1 ¶ 24), yet Plaintiffs do not aver that there is an impending non-judicial foreclosure sale. Plaintiffs' Complaint does not sufficiently allege an actual, substantial controversy such that this Court can determine a basis for federal jurisdiction.

     The Court accordingly **ORDERS** Plaintiffs to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff must respond by **no later than 12:00 p.m. on Friday, May 6, 2016**. The hearing on Defendants' Motion to Compel Arbitration, or, in the alternative, Motion to Dismiss Plaintiffs' Complaint, remains set for hearing at **1:30 p.m. on Monday, May 9, 2016**.

     **IT IS SO ORDERED.**                                                                                      :

                                                                 Initials of Preparer                  cw